**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE
NO. 7:05-CV-407-G.F.V.T.

HEATHER OUSLEY             PLAINTIFF

vs.    **DEFENDANT FORD MOTOR COMPANY'S MOTION TO HOLD PLAINTIFF'S MOTION TO REMAND IN ABEYANCE AND FOR REMAND-RELATED DISCOVERY**

Eastern District of Kentucky
FILED
FEB 22 2006
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

FORD MOTOR COMPANY

AND

LAYNE BROTHERS FORD LINCOLN MERCURY, INC.      DEFENDANTS

\* \* \* \* \* \* \*

Defendant, Ford Motor Company ("Ford"), by counsel, hereby moves the Court to enter the attached order permitting remand-related discovery to be conducted so that it may be determined (1) if there is a written warranty between Layne Brothers Ford Lincoln Mercury, Inc. ("Layne Brothers") and the Plaintiff; and (2) the details and foundation (if any) of Plaintiff's claims that Layne Brothers knew or should have known of an alleged sudden acceleration defect in Plaintiff's vehicle after the sale of the vehicle but prior to her accident on November 27, 2004.[1] A memorandum of law in support of this motion follows.

---

[1] Co-defendant Layne Brothers' motion to dismiss is now pending before the Court. The motion is well-taken. If Layne Brothers' motion to dismiss is granted, the current motion will be moot and will be withdrawn.

## **MEMORANDUM**

Federal courts are empowered to allow remand-related discovery in order to determine whether plaintiffs have been misjoined or defendants have been fraudulently joined to prevent removal to federal court. See *Sweeney v. Sherwin Williams Company*, 304 F.Supp.2d 868, 872 (S.D. Miss. 2004) (attached hereto at Tab 1). Defendant seeks to establish that there is no possibility of Plaintiff prevailing under the facts of this case against the co-Defendant Layne Brothers due to Kentucky's "Innocent Middleman" defense. Remand of this case without this information would be improper if, in fact, there is complete diversity between Plaintiff and the non-fraudulently joined Defendant against whom Plaintiff has a colorable state law claim. Remand without grounds therefore would unduly prejudice the diverse Defendants in this case and deprive them of due process. Remand-related discovery has been ordered by Kentucky federal district courts to resolve any alleged questions regarding the independent liability of "innocent middleman" retailers in recent cases. See January 27, 2005, Memorandum Opinion and Order, *Carlos Adams, et al. v. Minnesota Mining and Manufacturing, et al.*, United States District Court for the Eastern District of Kentucky, London Division, Civil Action No. 6:04-CV-521-DCR at 14; see also February 24, 2005 Order, *Panfilo Amar, et al. v. American Optical Corporation, et al.*, United States District Court for the Western District of Kentucky, Owensboro Division, Civil Action No. 6:04-00164-JHM (attached hereto at Tabs 2 & 3, respectively).

Respectfully Submitted,

Byron N. Miller
Kevin M. Murphy
THOMPSON MILLER & SIMPSON PLC
600 West Main Street
Suite 500
Louisville, KY 40202
Telephone: (502) 585-9900
COUNSEL FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by United States First Class Mail, postage prepaid, on this 20th day of February, 2006 upon all counsel listed below.

Arnold Turner, Jr., Esq.
Turner Law Office, P.S.C.
P.O. Box 388
Prestonsburg, Kentucky 41653
*Counsel for Plaintiff*

R. Craig Reinhardt, Esq.
Reinhardt & Associates, PLC
2355 Huguenard Drive, Suite 103
Lexington, KY 40503
*Counsel for co-defendant*
*Layne Brothers Ford, Lincoln, Mercury, Inc.*

Counsel for Defendant